IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:18-CV-20-FL

| KAREN BROWN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WALMART STORES EAST, LLP, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (DE 6). Plaintiff responded in opposition to the motion, and defendant timely replied. In this posture, the issues raised are ripe for ruling. For the reasons that follow, defendant's motion is granted, and plaintiff is allowed time to file a motion to amend her complaint.

## STATEMENT OF THE CASE

Plaintiff initiated this action pro se on February 25, 2018. Plaintiff asserts defendant discriminated against her in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1866, 42 U.S.C. § 1981. Plaintiff seeks lost wages, lost benefits, other economic losses, punitive damages, damages for emotional distress, and costs.

Defendant filed the instant motion to dismiss on April 9, 2018, arguing that plaintiff has

failed to exhaust her administrative remedies, and otherwise failed to state a claim under any of the statutes she alleges. In support thereof, defendant relies upon a U.S. Equal Employment Opportunity Commission (EEOC) charge of discrimination filed May 20, 2017 (hereinafter, the "EEOC charge of discrimination") (DE 7-1).[1] In opposition, plaintiff relies upon attachments including Facebook messages from a former coworker who stated the store manager wanted to get rid of plaintiff because of her injury (DE 12-1), and an excerpt from an August 25, 2017 letter summarizing defendant's reasons for terminating plaintiff (DE 12-2).

## STATEMENT OF THE CASE

The facts alleged in the complaint can be summarized as follows. Plaintiff began employment with defendant on or about March 13, 2002. (Compl. ¶ 6). In or about August 2010, plaintiff suffered from an on the job injury with defendant which left her needing surgery on her right ankle. (Id. ¶ 8). Plaintiff needed light duty restrictions due to her injury until the time of her surgery, in or about March 2013. (Id. ¶ 9). Plaintiff returned to work in late 2013, and needed accommodations, including working no more than 7 hours per day, and only lifting up to 15 pounds. (Id.). In or about March 30, 2016, plaintiff requested accommodations from defendant to be able to lift no more than 25 pounds and being able to sit on a stool for 15 minutes each hour. (Id. ¶ 10). Defendant then transferred plaintiff to the role of Fitting Room Associate. (Id. ¶ 11).

In or around June 2016, plaintiff was asked by her Assistant Store Manager, Melody Walsh ("Walsh"), if she wanted to open her availability so she could work in other positions in the store in addition to the position of Fitting Room Associate, even though defendant was aware of plaintiff's disability and need for accommodations. (Id. ¶ 12). Plaintiff refused to switch positions. (Id. ¶ 13). Walsh then told other managers not to give plaintiff any hours because they could not accommodate

---

[1] Plaintiff also attached the EEOC charge of discrimination with her complaint. (DE 1-1).

her in the fitting room position. (Id.).

On or about July 29, 2016, plaintiff suffered another on the job injury when the stool she was sitting on collapsed. (Id. ¶ 15). The incident lead to injury of plaintiff's left knee, as well as injury to her neck and right ankle. (Id.). On April 7, 2017, plaintiff was suspended without pay. (Id. ¶ 16). She was terminated on April 12, 2017 for gross misconduct. (Id.) Plaintiff had never been previously disciplined or counseled for any performance or conduct issues. (Id.).

Plaintiff alleges that defendant's failure to accommodate her disability was really a pretext for discrimination. (Id. ¶ 18). Plaintiff also alleges that she is lesbian and subject to disparate treatment based on her sexual orientation. (Id. ¶ 19). On or about May 20, 2017, plaintiff filed her EEOC charge of discrimination on the basis of sex and disability. (Id. ¶ 22; see DE 1-1). Plaintiff received a right to sue letter from the EEOC on November 11, 2017. (Id. ¶ 23). Plaintiff then filed this action.

**COURT'S DISCUSSION**

A.  Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without

3

converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

   1.  Disability Discrimination

Plaintiff first claims that defendant discriminated against her on the basis her disability. 42 U.S.C. § 12112.

To establish a prima facie case of wrongful discharge under the ADA, plaintiff must show "(1) [s]he is within the ADA's protected class; (2) [s]he was discharged; (3) at the time of [her] discharge, [s]he was performing the job at a level that met [her] employer's legitimate expectations; and (4) [her] discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination."[2] Haulbrook v. Michelin N. Am., 252 F.3d 696, 702 (4th Cir. 2001).

---

[2]Defendant assumes for the purposes of this motion that plaintiff meets the first two elements of a wrongful discharge claim. (DE 7 at 10). Therefore, the court will only analyze plaintiff's claim as to the third and fourth elements.

4

"In determining whether an employee was performing at a level that met the employees legitimate expectations, it is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff." King v. Rumsfeld, 328 F.3d 145, 149 (4th Cir. 2003). "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Plaintiff has adequately alleged that she was performing her job at a level that met her employer's legitimate expectations. Specifically, plaintiff has alleged that she "was never previously disciplined or counseled for any performance or conduct issues." (Compl. ¶ 17). Having never been disciplined before by defendant is a factual allegation providing circumstantial evidence that plaintiff was performing her job at a level that met defendant's legitimate expectations.[3] Therefore, plaintiff has met the third required element in a prima facie case for wrongful discharge.

However, plaintiff fails to allege facts in her complaint which create a reasonable inference of unlawful discrimination. Plaintiff's sole allegation with respect to her discharge is that "[o]n or about April 7, 2017, Brown was suspended without pay, and subsequently terminated on April 12, 2017 for alleged gross misconduct." (Compl. ¶ 16). This allegation is insufficient to raise a reasonable inference of unlawful discrimination. The only allegation that plaintiff makes that could even remotely suggests she was discriminated against was Walsh reduced her hours because plaintiff refused to work in other positions in the store in addition to Fitting Room Associate in June 2016. (Id. ¶¶ 12, 13). However, this allegation fails to create a reasonable inference of unlawful discrimination because it is not logically connected to plaintiff's termination on the face of her

---

[3]The court rejects defendant's characterization of plaintiff's allegation as a "self-promoting statement about the quality of her work performance." (DE 7 at 10). Plaintiff's allegation is not her a statement of belief as to how she performed, but rather an observation of defendant's omission as to any disciplinary acts.

5

complaint. Walsh met with plaintiff in June 2016, and plaintiff was discharged in April 2017, a considerable gap in time. (Id. ¶¶ 12, 16). Moreover, plaintiff does not allege in her complaint that Walsh had anything to do with her discharge. (Id. ¶ 16).

Plaintiff argues in response to defendant's motion a number of additional facts which she asks the court to consider, including alleged testimony of two witnesses and text messages from another assistant store manager asserting that defendant terminated plaintiff because of her disability. If properly pleaded, these allegations could raise a reasonable inference of discrimination. However, a 12(b)6 motion only allows the court to consider facts pleaded in plaintiff's complaint. See Nemet Chevrolet, 591 F.3d at 255. If plaintiff wishes to continue to assert a wrongful termination claim in this case, plaintiff must file a motion to amend, together with a proposed amended complaint, stating in detail the allegations which raise a reasonable inference that she was discriminated against in her discharge. See Fed. R. Civ. P. 15(a)(2).

Accordingly, plaintiff's wrongful termination claim will be dismissed without prejudice, with opportunity to file a motion to amend and proposed amended complaint by the deadline established below.

2. Failure to Accommodate

Plaintiff claims that defendant discriminated because of her disability by failing to accommodate her as required by the ADA. 42 U.S.C. § 12112(5)(A).

Before a plaintiff can file a lawsuit in federal court alleging discrimination under the ADA, she must first timely exhaust her administrative remedies by filing a charge with the EEOC within 180 days of the alleged adverse action. 42 U.S.C. § 12117(a); Chacko v. Patuxent Inst., 429 F.3d 505, 508 (4th Cir. 2005). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the

original complaint may be maintained in a subsequent [ADA] lawsuit." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996). "[A] failure by the plaintiff to exhaust administrative remedies concerning a[n] [ADA] claim deprives the federal courts of subject matter jurisdiction over the claim." Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009).

In order to successfully state a failure to accommodate claim, plaintiff must show "(1) that [she] was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of [her] disability; (3) that with reasonable accommodation [she] could perform the essential functions of the position; and (4) that the employer refused to make such accommodations." Wilson v. Dollar Gen. Corp., 717 F.3d 337, 345 (4th Cir. 2013) (internal quotations omitted). When evaluating the third element of a failure to accommodate claim, the court considers "[f]irst, was the specific accommodation requested by [plaintiff] reasonable? Second, had [defendant] granted the accommodation, could [plaintiff] perform the essential functions of the position?" Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 580 (4th Cir. 2015).

Reasonable accommodations may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111.

Plaintiff's claim for failure to accommodate fails because plaintiff has not exhausted her administrative remedies as to that claim. Plaintiff's EEOC charge of discrimination does not articulate plaintiff's basis for failure to accommodate, merely stating "I have a disability and needed a reasonable accommodation to perform my job. Respondent was aware of my disability and my need for an accommodation." (DE 1-1). The claim is not one "developed by reasonable

investigation of the original complaint" because several essential details are missing from the EEOC charge of discrimination, such as when plaintiff asked for an accommodation, what accommodation was denied, when such accommodation was denied, and whether plaintiff would be able to perform the essential functions of her job without the accommodation. See Evans, 80 F.3d at 963. Therefore, the court lacks jurisdiction over plaintiff's claim.

In any event, plaintiff also has not alleged facts sufficient to support a failure to accommodate claim. The only disability accommodation that plaintiff allegedly requested was to be "able to lift no more than 25 pounds and being able to sit on a stool for 15 minutes of every hour." (Compl. ¶ 10). Defendant accommodated this request by "transferring [her] to the role of Fitting Room Associate. (Id. ¶ 11)." On these facts, defendant did not refuse to make an accommodation, but found a role suitable to plaintiff's needs. Plaintiff's complaint does not state any other specific accommodations that she requested. Nor does it provide any showing of whether she could perform the essential functions of her job in her new role as Fitting Room Associate.

Plaintiff's failure to accommodate claim is dismissed without prejudice for lack of subject matter jurisdiction and failure to state a claim.

3.   Section 1981

Plaintiff asserts that defendant unlawfully discriminated against her on the basis of her disability in violation of 42 U.S.C. § 1981. (Compl. ¶¶ 35-39). The statute provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981. "[T]he provision was meant, by its broad terms, to proscribe discrimination in

the making or enforcement of contracts against, or in favor of, any race." Gratz v. Bollinger, 539 U.S. 244, 305 n.23 (2003) (internal quotations and citations omitted).

Here, plaintiff is not alleging discrimination on the basis of race, but on the basis of disability and sexual orientation. Therefore, her complaint fails to state a claim with respect to § 1981 and is dismissed with prejudice.

4.  Title VII

Finally, plaintiff alleges that defendant discriminated against her on the basis of her sex and sexual orientation. (Compl. ¶¶ 40-46).

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin...." 42 U.S.C. § 2000e-2. "The ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination." Merritt v. Old Dominion Freight Line, Inc., 601 F.3d 289, 295 (4th Cir. 2010) (Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 153 (2000)). The Supreme Court and the Fourth Circuit do not recognize a right of action under Title VII for discrimination on the basis of sexual orientation. See Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 78–80 (1998); Wrightson v. Pizza Hut of America, Inc., 99 F.3d 138, 142-43 (4th Cir.1996).

Here, plaintiff has failed to state a claim with regard to discrimination on the basis of sex. Apart from conclusively asserting "she was terminated for reasons that heterosexual females and males were not" and "defendant's disparate treatment in its discipline and termination of Plaintiff was motivated by her sex, female," (Compl. ¶¶ 19, 42), plaintiff does not raise any factual allegations which would support a claim of sex discrimination. See Nemet, 591 F.3d at 255.

Similarly, plaintiff's claim that she was discriminated against on the basis of sexual orientation fails because it is not actionable under Title VII. See Oncale, 523 U.S. at 78–80; Wrightson, 99 F.3d at 142-43. Therefore, plaintiff's Title VII cause of action is dismissed without prejudice for failure to state a claim.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 6) is GRANTED. Plaintiff's claims are DISMISSED for lack of subject matter jurisdiction and failure to state a claim. Plaintiff is ALLOWED until **October 31, 2018,** to file a motion to amend complaint, in accordance with the foregoing. If plaintiff fails to file said motion by the date set forth herein, the clerk is DIRECTED to close this case.

SO ORDERED, this the 9th day of October, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge